```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
ABRAHAM GUILLERMO ROMERO DIAZ and              :
ROSA TERESA CANASTUJ, on behalf of             :
themselves and all others similarly situated,  :
                                               :
                        Plaintiffs,            :       No. 24 Civ. 961
                                               :
        -against-                              :
                                               :       COLLECTIVE AND CLASS
DELUCA'S ITALIAN RESTAURANT, INC. d/b/a        :       ACTION COMPLAINT
DELUCA'S ITALIAN RESTAURANT, MASSERIA          :
DELUCA'S, INC. d/b/a DELUCA'S TRATTORIA,       :
and ROBERT DELUCA,                             :
                                               :
                        Defendants.            :
------------------------------------------------------------------------ X
```

Plaintiffs Abraham Guillermo Romero Diaz and Rosa Teresa Canastuj (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of Defendants Deluca's Italian Restaurant, Inc. d/b/a Deluca's Italian Restaurant, Masseria Deluca's, Inc. d/b/a Deluca's Trattoria (collectively, "Restaurant Defendants"), and Robert Deluca (collectively, "Defendants"), allege:

## NATURE OF THE COMPLAINT

1. Throughout Plaintiffs' employment at Deluca's Italian Restaurant and Deluca's Trattoria, Italian restaurants in Staten Island, Defendants failed to pay Plaintiffs and other hourly-paid workers the statutorily required minimum wage rate, the applicable overtime wage rate for hours worked over forty per workweek, and spread-of-hours pay when they worked shifts longer than ten hours. Defendants also failed to furnish Plaintiffs and hourly-paid workers with statutorily required wage notices and accurate weekly wage statements.

2. Plaintiffs bring this action on behalf of themselves and all other similarly situated hourly-paid workers employed by Defendants ("Hourly Workers") to recover unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because both Restaurant Defendants are located and operated by Defendants in the Eastern District of New York and the acts and omissions giving rise to Plaintiffs' claims occurred in the Eastern District of New York.

## THE PARTIES

**Plaintiff Abraham Guillermo Romero Diaz**

5. Abraham Guillermo Romero Diaz resides in Richmond County, New York.

6. Defendants employed Romero Diaz from approximately September 2022 to September 2023.

**Plaintiff Rosa Teresa Canastuj**

7. Rosa Teresa Canastuj resides in Richmond County, New York.

8. Defendants employed Canastuj from approximately April 2022 to September 2023.

**Defendant Deluca's Italian Restaurant, Inc. d/b/a Deluca's Italian Restaurant**

9. Defendant Deluca's Italian Restaurant, Inc. is a New York corporation that owns and operates Deluca's Italian Restaurant, a restaurant and bar located at 7324 Amboy Road, Staten Island, New York 10307.

10. Deluca's Italian Restaurant is an "enterprise engaged in commerce" within the meaning of the FLSA.

11. Deluca's Italian Restaurant has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Deluca's Italian Restaurant, Inc. has had an annual gross volume of sales in excess of $500,000 in the three years before the filing of this Complaint, both individually and as a single integrated enterprise with Defendant Masseria Deluca's, Inc.

**Defendant Masseria Deluca's, Inc. d/b/a Deluca's Trattoria**

13. Masseria Deluca's, Inc. is a New York corporation that owns and operates Deluca's Trattoria, an Italian restaurant and bar located at 616 Forest Avenue, Staten Island, New York 10310.

14. Deluca's Trattoria is an "enterprise engaged in commerce" within the meaning of the FLSA.

15. Deluca's Trattoria has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. Masseria Deluca's, Inc. has had an annual gross volume of sales in excess of $500,000 in the three years before the filing of this Complaint, both individually and as a single integrated enterprise with Defendant Deluca's Italian Restaurant, Inc.

**Defendant Robert Deluca**

17. Defendant Robert Deluca is the owner and principal of the Restaurant Defendants and is listed as such in filings with the New York State Liquor Authority.

18. Deluca is also identified as the Chief Executive Officer of Deluca's Italian Restaurant, Inc. on New York State's Division of Corporations entity filings website.

19. Throughout Plaintiffs' employment, Deluca held and exercised authority over personnel decisions at Deluca's Italian Restaurant and Deluca's Trattoria, including the authority to hire and fire employees, set employees' wage rates, assign employees their work duties, and maintain employee pay records.

20. For example, Deluca hired Plaintiffs, set their work schedules, assigned them work duties, determined their rates of pay, and distributed their wages.

21. For example, in approximately July 2023, Deluca fired a server named "Juan" at Deluca's Trattoria.

22. For example, in approximately November 2022, a busboy known as "Victor" who worked at Deluca's Trattoria complained to Deluca to pay owed wages.

23. Deluca exercised sufficient control over the operations of Deluca's Italian Restaurant and Deluca's Trattoria and the employment of Plaintiffs and other Hourly Workers to be considered their "employer" under the FLSA and the NYLL.

**Defendants Were a Single Integrated Enterprise and Joint Employer**

24. Throughout Plaintiffs' employment, the Restaurant Defendants have shared the same brand and owner in Robert Deluca. Moreover, Deluca acted as the general manager for both Restaurant Defendants and dictated staff schedules and pay practices.

25. Acting as a general manager at both Defendant Restaurants, Deluca split his days between the two restaurants and exercised the same authority at each location

4

to hire and fire employees, set their pay rates, distribute their wages, determine their schedules, and assign them responsibilities.

26. Throughout Plaintiffs' employment, the Restaurant Defendants have had unified operations and interchanged staff between Deluca's Italian Restaurant and Deluca's Trattoria.

27. Defendant Deluca originally hired Plaintiff Romero Diaz to work at Deluca's Trattoria but later assigned him to work at both locations during the same weeks. Plaintiff Romero Diaz's employment conditions were identical at both locations as to his work duties performed and the restaurants' payment practices.

28. For example, on July 10, 2023, Deluca texted Plaintiff Romero Diaz that he would be working at Deluca's Trattoria that evening but would be assigned to work at Deluca's Italian Restaurant the following day, on July 11, 2023.

29. For example, for the workweek of May 8 to 14, 2023, Plaintiff Romero Diaz worked at Deluca's Trattoria on Monday and Deluca's Italian Restaurant on Tuesday, Wednesday, Saturday, and Sunday, as set forth in the schedule below. In the schedule below, Plaintiff Romero Diaz appears as "Abraham," with the letter "L" reflecting a scheduled lunch shift, the letter "D" reflecting a scheduled dinner shift, and the word "NORTH" next to one of these letters meaning that the shift was assigned to Deluca's Trattoria.

| | | Front of the House Schedule | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 4 | | | | | | | | |
| 5 | | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday | Sunday |
| 6 | SERVER | 8-May | 9-May | 10-May | 11-May | 12-May | 13-May | 14-May |
| 7 | Javier | D | L/D | | | D | L/D | 1130am |
| 8 | Geovani | | | L/D | D | L/D | L/D | 1130am |
| 9 | Rita | L/D | | | L/D | D | L/D | |
| 10 | Frank | | | | D | D | L/D | 1130am |
| 11 | Abraham | D(NORTH) | D | D | | | L/D | 1130am |
| 12 | Nic Longo | | | | | | L/D | 1130am |
| 13 | Nino Longo | | | | | | L/D | 1130am |
| 14 | Nick Matera | | | | | | D | |
| 15 | Steven Marinelli | | | | | | L/D | 1130am |

30. Throughout Plaintiffs' employment, the Restaurant Defendants shared the same website to post their menus and contact information. The website refers to Deluca's Trattoria as "[o]ur newest location now open on Forest Avenue." *See* www.delucasitalian.com (last accessed on January 25, 2024).

31. Throughout Plaintiffs' employment, customers could buy gift cards or make reservations for Deluca's Trattoria at Deluca's Italian Restaurant and vice versa.

32. Throughout Plaintiffs' employment, the Restaurant Defendants would often share inventory and supplies with each other when one location was low.

33. The Restaurant Defendants are a single integrated enterprise for the purposes of the FLSA and NYLL, and cumulatively they have had an annual gross volume of sales in excess of $500,000 in the three years before the filing of this Complaint.

34. The Restaurant Defendants shared and codetermined the essential terms and conditions of the employment of Hourly Workers, including Plaintiffs, and exercised sufficient control over them to be considered their "employers" under the FLSA and NYLL.

35. Operating as joint employers, the Restaurant Defendants engaged in a scheme to deprive Hourly Workers, including Plaintiffs, of the benefits and wages required by the FLSA and the NYLL, as is explained below.

## FACTUAL ALLEGATIONS

36. Defendants failed to pay Plaintiffs and other Hourly Workers an extra hour of pay at the applicable minimum wage rate whenever they worked shifts longer than ten hours.

37. Defendants failed to furnish Plaintiffs and other Hourly Workers with wage notices when they were hired or when their rates of pay changed.

6

38. Defendants failed to provide Plaintiffs and other Hourly Workers with accurate wage statements with each payment of wages throughout their employment.

39. Defendants' failure to comply with the WTPA's wage notice and wage statement requirements went beyond mere technical errors or omissions.

40. Defendants' WTPA violations were directly related to their failure to pay Hourly Workers all of their wages due, as described below. In short, Defendants chose not to comply with the WTPA as part of a greater scheme to avoid informing Hourly Workers of their rights under the FLSA and NYLL.

41. Defendants did not furnish Hourly Workers with wage notices to hide from them their regular and overtime wage rates due, including the fact that Hourly Workers must be paid one- and one-half times their regular hourly wage rates for hours worked over forty per workweek.

42. Defendants deprived Hourly Workers of wage statements in their entirety to conceal their total hours worked and wages due per workweek.

43. The damages Hourly Workers, including Plaintiffs, suffered because of the underpayment of their wages are directly traceable to Defendants' overt and intentional failure to comply with the WTPA's wage notice and wage statement requirements.

44. Defendants failed to provide Plaintiffs and other Hourly Workers with any form of notice indicating they would be applying any sort of credit to justify paying them wages below the applicable minimum wage rate.

**Plaintiff Abraham Guillermo Romero Diaz's Hours Worked and Wages Received**

45. From approximately September 2022 to December 2022, Romero Diaz worked exclusively at Deluca's Trattoria.

7

46. From approximately January 2023 to the end of his employment, Romero Diaz would split his time worked between Deluca's Trattoria and Deluca's Italian Restaurant.

47. In September 2022, Romero Diaz typically worked approximately eighteen (18) hours per workweek as a busser, from 4:00 p.m. to 10:00 p.m. three days a week.

48. From October 2022 to February 2023, Romero Diaz typically worked approximately thirty-five (35) to forty (40) hours per workweek as a busser and food runner, from 5:00 p.m. to a time between 12:00 a.m. and 1:00 a.m. five days per week.

49. From March 2023 to June 2023, Romero Diaz typically worked approximately forty-two and a half (42.5) to sixty-two and a half (62.5) hours per workweek as a server. During this period, Romero Diaz typically worked five to seven days per workweek, starting at either 11:00 a.m. or 5:00 p.m., with at least one shift starting at 11:00 a.m. per week, to a time between 12:00 a.m. and 1:00 a.m. from Monday through Saturday and 11:30 a.m. to 8:00 p.m. on Sunday.

50. In July 2023, Romero Diaz typically worked approximately thirty (30) hours per workweek as a server. During this period, Romero Diaz typically worked five days per workweek, from 11:00 a.m. to a time between 12:00 a.m. and 1:00 a.m. on Fridays and Saturdays, from 5:00 p.m. to 8:00 p.m. on Sundays, and from 5:00 p.m. to 10:00 p.m. on two varying weekdays.

51. From August 2023 to the end of his employment, Romero Diaz typically worked approximately eighteen (18) hours per workweek as a server, from 5:00 p.m. to 11:00 p.m. on varying days.

52. Throughout his employment, Defendants paid Romero Diaz $5 for per hour worked, including those worked over forty per workweek.

53. While employed as a server at Deluca's Trattoria and Deluca's Italian Restaurant, Romero Diaz routinely accepted and ran payment for guests' bills using their credit cards on each restaurant's point-of-sale system.

**Plaintiff Rosa Teresa Canastuj's Hours Worked and Wages Received**

54. From April 2022 to October 2022, Canastuj worked as a cook at Deluca's Trattoria.

55. During this period, Canastuj regularly worked approximately forty-six and a half (46.5) to fifty and half (50.5) hours per workweek, Tuesday to Saturday from 11:00 a.m. to a time between 9:00 p.m. and 10:00 p.m. and Sunday from 11:00 a.m. to 8:00 p.m., with a thirty-minute lunch break per workday.

56. From October 2022 to July 2023, Canastuj worked as a cook and busser at Deluca's Trattoria.

57. During this period, Canastuj regularly worked approximately forty-nine and a half (49.5) to fifty-five and half (55.5) hours per workweek, Monday to Wednesday as a cook from 11:00 a.m. to a time between 9:00 p.m. and 10:00 p.m. with a thirty (30) minute lunch break and Friday to Sunday as a busser from 4:00 p.m. to 12:00 a.m., except for Sunday when she would end her shift at 9:00 p.m.

58. From July 2023 to the end of her employment, Canastuj worked as a cook at Deluca's Trattoria.

59. During this period, Canastuj worked approximately twenty-eight and a half (28.5) to thirty-one and a half (31.5) hours per workweek, Monday to Wednesday from 11:00 a.m. to a time between 9:00 p.m. and 10:00 p.m.

60. Throughout her employment, Defendants paid Canastuj $5 per hour worked as a busser, including those worked over forty in per workweek.

61. Throughout her employment, Defendants paid Canastuj $12 per hour worked as a cook, including those worked over forty per workweek.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiffs bring this action on behalf of themselves and all similarly situated Hourly Workers who have worked for Defendants within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

63. The FLSA Collective consists of over twenty Hourly Workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages.

64. Throughout Plaintiffs' employment, Plaintiffs and the FLSA Collective have had work schedules consisting of over forty hours per workweek, have performed similar service-based duties, and have been subjected to Defendants' common pay policies depriving them of minimum and overtime wages.

65. Defendants are aware or should have been aware that the FLSA required them to pay the FLSA Collective minimum and overtime wages per workweek.

66. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

67. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Hourly Workers can be readily identified and located through Defendants' records. Other similarly situated Hourly Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

68. Plaintiffs bring the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure (Rule 23) on behalf of themselves and of

a class consisting of Hourly Workers who have worked at Deluca's Italian Restaurant and Deluca's Trattoria in the past six years (the "Rule 23 Class").

69. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

70. The Rule 23 Class consists of at least forty current and/or former employees, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, the names and addresses of each Class Member are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

71. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole. All the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all wages due and failing to provide Rule 23 Class members with all required wage notices and wage statements. Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

72. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

      a. whether Defendants employed Plaintiffs and the Rule 23 Class within the meaning of the NYLL;

      b. whether Defendants paid Plaintiffs and the Rule 23 Class at the appropriate minimum and overtime wage rates for all hours worked;

      c. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146, as alleged herein;

      d. whether Defendants failed to provide the Rule 23 Class members at the time of hiring or whenever there was a change in their rates of pay with a timely notice stating, *inter alia*, their rates of pay and the basis thereof, whether paid by the hour or otherwise, and allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances, in violation of NYLL § 195(1);

      e. whether Defendants failed to provide accurate wage statements at the end of every pay period to all Rule 23 Class members, in violation of NYLL § 195(3);

      f. whether Defendants failed to pay Plaintiffs and the Rule 23 Class spread-of-hours pay, in violation of the NYLL; and

      g. the nature and extent of class-wide injury and the measure of damages for those injuries.

73. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent.

74. Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants as Hourly Workers within the six years prior to the filing of this action.

75. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages because of Defendants' failure to comply with the NYLL.

76. Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

77. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

78. Plaintiffs have retained counsel competent and experienced in wage-and-hour and class action litigation.

79. There is no conflict between any Plaintiff and the Rule 23 Class members.

80. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

81. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures.

82. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

83. Individual employees lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.

84. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

85. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages)

86. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

87. The FLSA requires that employers pay employees a minimum wage for all hours worked weekly up to forty.

88. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 206(a) and employed Plaintiffs and the FLSA Collective.

89. The minimum wage provisions set forth in the FLSA, 29 U.S.C. § 206 *et seq.*, and its supporting federal regulations apply to Defendants.

90. Defendants failed to pay Plaintiffs and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

91. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the FLSA Collective's compensation.

92. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial. Plaintiffs and the FLSA Collective are entitled to the recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (NYLL – Unpaid Minimum Wages)

93. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

94. The NYLL and its supporting New York State Department of Labor ("NYDOL") regulations require employers to pay employees at least the minimum wage per hour worked in a workweek. *See* N.Y. Lab. Law § 652; 12 N.Y.C.R.R. § 146–1.2(a)(1)(i).

95. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), and 652, and NYDOL regulations, including but not limited to 12 N.Y.C.R.R. Part 146.

96. Defendants employed Plaintiffs and the Rule 23 Class within the meaning of the NYLL.

97. As a result of Defendants' wage payment practices, they failed to pay Plaintiffs and the Rule 23 Class the minimum wages to which they were entitled under the NYLL and its supporting NYDOL regulations.

98. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class minimum wages.

99. As a result of Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class suffered damages and are entitled to recover their unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorney's fees and costs.

**THIRD CLAIM**
**(FLSA – Unpaid Overtime Wages)**

100. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

101. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiffs and the FLSA Collective.

102. Defendants were required to pay Plaintiffs and the FLSA Collective one and one-half (1½) times their regular hourly wage rates for all hours worked over forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq*.

103. Defendants failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

104. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages.

105. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

106. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

107. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), and supporting NYDOL regulations, including but not limited to 12 N.Y.C.R.R. Part 146, and employed Plaintiffs and the Rule 23 Class.

108. Under the NYLL and supporting NYDOL regulations, Defendants were required to pay Plaintiffs and the Rule 23 Class one and one-half (1½) times his regular hourly wage rate for all hours worked over forty per workweek.

109. Defendants failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

110. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class overtime wages.

111. As a result of Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

112. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

113. Defendants willfully failed to pay Plaintiffs and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during in which they worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 N.Y.C.R.R. § 146–1.6.

114. As a result of Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class is entitled to recover their unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SIXTH CLAIM
**(WTPA – Failure to Provide Accurate Wage Statements)**

115. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

116. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

117. As part of a greater scheme to deprive Plaintiffs and the Rule 23 Class of information and thereby not pay them their full wages dues, Defendants failed to furnish Plaintiffs and the Rule 23 Class, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

118. Due to Defendants' violation of NYLL § 195(3), Plaintiffs and the Rule 23 Class are entitled to recover from Defendants statutory damages and reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1–d).

## SEVENTH CLAIM
**(WTPA – Failure to Provide Wage Notices)**

119. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

120. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

121. In violation of NYLL § 195(1) and as part of a greater scheme to deprive Plaintiffs and the Rule 23 Class of information and thereby not pay them their full wages dues, Defendants failed to furnish Plaintiffs and the Rule 23 Class at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

122. Due to Defendants' violation of NYLL § 195(1), Plaintiffs and the Rule 23 Class are entitled to recover from Defendants statutory damages and reasonable attorneys' fees and costs incurred in this action pursuant to the NYLL § 198(1–b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

a. designating this case as a collective action on behalf of the FLSA Collective and authorizing the prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

  b. designating the case as a class action pursuant to the NYLL and Rule 23 of the Federal Rules of Civil Procedure as it pertains to all NYLL claims set forth in the Complaint, certifying Plaintiffs as class representatives, and designating Plaintiffs' attorneys as class counsel;

  c. authorizing the issuance of notice at the earliest possible time to all potential Rule 23 Class members employed by Defendants within the six years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their rights with respect to this lawsuit;

  d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL, and NYDOL regulations;

  e. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

  f. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting NYDOL regulations;

  g. declaring that Defendants violated the wage notice, wage statement, and record-keeping provisions of the NYLL and WTPA;

  h. declaring that Defendants' violations of the FLSA and the NYLL were willful;

  i. awarding Plaintiffs and the FLSA Collective damages for unpaid minimum and overtime wages under the FLSA;

  j. awarding Plaintiffs and the Rule 23 Class damages for unpaid minimum wages, overtime wages, and spread-of-hours pay under the NYLL;

  k. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and NYLL;

l.  awarding Plaintiffs and the Rule 23 Class statutory damages because of Defendants' failure to furnish them with a notice at the time of hiring, in violation of the WTPA;

m.  awarding Plaintiffs and the Rule 23 Class statutory damages because of Defendants' failure to furnish them with accurate wage statements pursuant to the WTPA;

n.  awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class pre- and post-judgment interest under the FLSA and the NYLL;

o.  awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

p.  awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
February 7, 2024

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Gianfranco Cuadra
Christian Mercado
Pechman Law Group PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
mercado@pechmanlaw.com

*Attorneys for Plaintiffs, the Putative FLSA Collective, and the Putative Rule 23 Class*